GLD-040                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3118
_____

JOSEPH S. PHILLIPS,

Appellant

v.

RICHARD JAMES; PAUL LUTTY; GENE STRASSBURGER, et al.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-cv-01474)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2010
Before: AMBRO, CHAGARES and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 13, 2010 )
_____

OPINION
_____

PER CURIAM

       Joseph S. Phillips appeals pro se from the order of the District Court dismissing

his complaint.  We will affirm.  <u>See</u> 3d Cir. LAR 27.4 (2010).

I.

       Phillips filed a complaint against Richard James and two Pennsylvania state

judges, the Honorable Gene Strassburger and the Honorable Paul Lutty. Phillips, who alleges that he suffers from a mental disability, entered into a contract with James to buy a house from him. He alleges that James violated the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") because, with knowledge of his disability, James (1) entered into the contract with the intent to defraud him, and (2) provoked an argument that resulted in James filing a state-court action against him for slander.

Phillips's claims against Judges Strassburger and Lutty arise from that state-court action. Phillips alleges that an arbitration panel initially found in his favor but that James appealed to the Court of Common Pleas and obtained a judgment against him. He alleges that Judge Strassburger deprived him of due process during that proceeding by denying him a continuance without determining his mental competence. He further alleges that Judge Lutty committed "obstruction of justice" by overruling the arbitrators' decision without legal explanation, holding a non-jury trial despite Phillips's jury demand, and "withholding" the award from the docket to prevent an appeal. For relief, Phillips requested monetary damages and a "remand" to state court for a psychological evaluation and a "retrial by jury."

All defendants filed motions to dismiss under Rule 12(b)(6). By order entered July 8, 2010, the District Court granted their motions and dismissed Phillips's complaint on the ground that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine. The District Court also denied a motion for leave to amend that Phillips had

2

filed as moot. Phillips appeals.[1]

## II.

We agree that Phillips's claim against Judges Lutty and Strassburger are barred by the Rooker-Feldman doctrine. That doctrine deprives federal courts of subject matter jurisdiction over claims when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Mineral Co., 615 F.3d at 166 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Although this doctrine is "narrow," id. at 169, Phillips's claims against the judicial defendants fit squarely within it. As to those defendants, Phillips claims no injury apart from the rulings he believes were erroneous and expressly requests a "remand" to state court for a psychological evaluation and "retrial by jury." Thus, we agree that the Rooker-Feldman doctrine barred the District Court's consideration of these claims.[2]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals of a complaint under Rule 12(b)(6) and questions of subject matter jurisdiction. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). In doing so, we may affirm on alternate grounds. See In re Paoili R.R. Yard PCB Litig., 221 F.3d 449, 461 (3d Cir. 2000). We review the District Court's denial of leave to amend for abuse of discretion. See Great W. Mining & Mineral Co., 615 F.3d at 163.

[2] Phillips filed a "Motion to Strike and Amend Defendants," in which he asked the District Court to remove the judicial defendants and substitute the Commonwealth of Pennsylvania as a defendant in their place. The District Court docket reflects no ruling on that motion, but we perceive no reversible error in that regard because the

We do not reach the same conclusion with respect to Phillips's claims against James because those claims allege injuries apart from the state-court judgment. Nevertheless, we will affirm on the alternate ground that Phillips failed to state a federal claim that is sufficiently substantial to invoke the District Court's subject matter jurisdiction. See Beazer East, Inc. v. Mead Corp., 525 F.3d 255, 261-62 (3d Cir. 2008). Phillips alleges that James violated the ADA because he entered into a contract with the intent to defraud him and provoked an argument that apparently led to the action for slander. The ADA, however, "'prohibit[s] discrimination in employment against members of certain classes,'" Wishkin v. Potter, 476 F.3d 180, 185 (3d Cir. 2007) (citation omitted), not any of the conduct alleged here. These allegations also do not state a colorable claim under any other federal law, and we are satisfied that any attempt to do so by amending them would be futile.[3]

Accordingly, we will affirm the judgment of the District Court.

---

result would have been the same even if he had proceeded with these claims against the Commonwealth.

[3] In his motion for leave to amend his complaint (which was effectively his second such motion), James did not add any allegations regarding James. He referred to another Pennsylvania state judge whom he alleges ruled against him in a suit involving his contract with James, but did not seek any relief in that regard except to request a "federal investigation." In any event, any claims that his motion might be read in that regard would be barred by the Rooker-Feldman doctrine for the reasons discussed above.